E-FILED
Friday, 10 July, 2026  11:59:21 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

TRACY LYNN S.,
     Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
     Defendant.

Case No. 1:25-cv-1415

**Order**

Now before the Court is the Plaintiff, Tracy Lynn S.'s Objection (D. 17) to the Magistrate Judge's Report and Recommendation (D. 16), and the Defendant, the Commissioner of Social Security's response (D. 18).[1] For the reasons set forth below, the Plaintiff's Objection is OVERRULED, and the Report and Recommendation (R&R) is ADOPTED in its entirety.

**I**

The Plaintiff's claimed disability, as well as the summary of the ALJ's decision, are sufficiently set forth in the Magistrate Judge's R&R. Stated briefly, the Plaintiff suffered a stroke on June 30, 2022, and alleges that she has been disabled ever since. (R. at 16). The ALJ concluded that the Plaintiff is not disabled.

**II**

When a magistrate judge is assigned a matter dispositive of a party's claim or defense, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). A

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

party may serve and file written objections to the R&R within 14 days, and a party may respond to another party's objections within 14 days thereafter. Fed. R. Civ. P. 72(b)(2). The district judge must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "Under Rule 72(b), the district court judge must make a de novo determination only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A district court judge reviews the unobjected portions for clear error. *Id*.

### III

The Plaintiff raises the following, single objection: "Plaintiff objects to Magistrate Judge Hanna's finding that highly specific RFC determination was not supported by substantial evidence because the ALJ improperly relied on his lay interpretation of Plaintiff's complex medical conditions and raw medical data." (D. 17 at ECF p. 1).

In his R&R, Judge Hanna assesses the ALJ's review of the Plaintiff's June 2024 MRI. In doing so, Judge Hanna acknowledges that "a medical professional"—not the ALJ or the Defendant's counsel—is the proper party to interpret the MRI. (D. 16 at ECF p. 9). Judge Hanna further noted that "the ALJ acknowledged the MRI but did not explain how—or whether—he considered it in performing his RFC assessment, which is tantamount to not considering it at all." (*Id*. at ECF p. 10). Then, Judge Hanna concluded that the ALJ's failure to consider the MRI was not reversible error. In support, Judge Hanna pointed to the fact that the ALJ considered a plethora of competent evidence—some of which weighed in the Plaintiff's favor, and some of which did not—before the ALJ deemed a particular doctor's (Dr. Western) assessment most persuasive.

2

The Court finds that the ALJ did not err in assessing the medical evidence, and that substantial evidence supported the unfavorable decision. 20 C.F.R. § 404.1520c(a) provides: "The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability . . . and consistency[.]" In this case, the ALJ considered (as Judge Hanna astutely summarizes) a variety of evidence in the Plaintiff's favor, including that: "Tracy suffered three strokes during the relevant period"; that she experiences "neuropathic pain in her left arm" and other "cognitive deficits" as a result of them; that Tracy had "gait deviations and decreased gait speed and stance time with her left lower extremity"; and that she "had twitching in the middle finger of her right hand and some diminished pinprick sensations in her bilateral upper extremities". (D. 16 at ECF p. 10).

The ALJ further considered evidence unfavorable to the Plaintiff, including that she could walk for extended periods, that her "musculoskeletal strength had significantly improved"; that she showed to be "alert, oriented to person, place, and time, and that she had appropriate thought content"; and that she demonstrated "5/5 strength throughout her bilateral upper and lower extremities". (*Id.* at ECF p. 10–11). In synthesizing this evidence, the ALJ concluded that the Plaintiff was not disabled, and Judge Hanna concluded that substantial evidence supported that unfavorable decision.

The Court finds no error in the ALJ's conclusion or Judge Hanna's affirmance of that conclusion. Clearly, the ALJ considered a variety of evidence, both favorable and unfavorable to the Plaintiff, before determining that Dr. Western's assessment was most consistent with the medical record. Thus, while Judge Hanna concluded that the ALJ did not adequately consider the MRI, the ALJ did not, for example, "fail[ ] to consider an entire line of evidence". *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) (citing *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir.

3

1994)) ("An ALJ's failure to consider an entire line of evidence falls below the minimal level of articulation required."). Rather, after reviewing the record, the ALJ synthesized the medical evidence to conclude that Dr. Western's assessment was most consistent with that medical record. Notwithstanding that the ALJ did not consider the Plaintiff's MRI, the ALJ's analysis is supported by substantial evidence under 20 C.F.R. § 404.1520c. *See Connour v. Massanari*, 173 F. Supp. 2d 785, 799 (N.D. Ill. 2001), *aff'd sub nom.*, 42 F. App'x 823 (7th Cir. 2002) ("The conclusion ultimately arrived at by the ALJ—that Connour could not perform his past relevant work as a construction laborer or roofer but that he had the RFC to perform light work with certain exertional and non-exertional limitation—reveals that the ALJ did not fail to consider evidence favorable to Connour. First, although not required to comment on every piece of medical evidence, the ALJ discussed a great deal of medical evidence in her opinion.").

In other words, while the ALJ did not specifically consider the MRI, the ALJ provided an "accurate and logical bridge" between the evidence of record and the finding that the Plaintiff was not disabled. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)) ("The ALJ is not required to mention every piece of evidence but must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled, so that 'as a reviewing court, we may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'"). Consequently, the Plaintiff is not entitled to remand, because the ALJ committed neither legal nor articulation error, and supported the unfavorable decision with substantial evidence.

## IV

For the reasons set forth above, the Plaintiff's Objections (D. 17) to the Report and Recommendation (D. 16) are OVERRULED, and Magistrate Judge Ronald L. Hanna's Report & Recommendation (D. 16) is ADOPTED. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on July 10, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE